# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **DARREN NIXSON,** | : | CASE NO. 1:10CV338 |
| **Plaintiff,** | : | (Judge Spiegel) |
| vs. | : | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINITFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |
| **THE HEALTH ALLIANCE, et al.** | : | |
| **Defendants.** | : | |

Defendants The Health Alliance (appropriately title "The Health Alliance of Greater Cincinnati, Inc.") and Jewish Hospital (collectively "Defendants"), through counsel, hereby submit this Memorandum in Opposition to the Motion to Strike Affirmative Defenses filed by Plaintiff Darren Nixson ("Plaintiff" or "Nixson").  Defendants have adequately pled their affirmative defenses by providing Plaintiff with fair notice under the Rules of Federal Procedure. Plaintiff's motion to strike should be overruled in its entirety.  In the alternative, Defendants request leave from the Court to amend their Answer in response to the Motion for a More Definite Statement.

*Of Counsel:*                                                    Respectfully submitted,

GRAYDON HEAD & RITCHEY LLP                     /s/   Julie R. Pugh
1900 Fifth Third Center                                       Julie R. Pugh (0082349)
511 Walnut Street                                                Bruce I. Petrie, Jr. (0018179)
Cincinnati, OH  45202-3157                              *Attorneys for Defendants*
Phone:  (513) 629-6464                                      GRAYDON HEAD & RITCHEY LLP
Fax:     (513) 651-3836                                        1900 Fifth Third Center
                                                                              511 Walnut Street
                                                                              Cincinnati, OH  45202-3157
                                                                              Phone:  (513) 629-2792
                                                                              Fax:     (513) 651-3836
                                                                              E-mail: jpugh@graydon.com

**MEMORANDUM IN SUPPORT**

**I.     FACTS AND PROCEDURAL BACKGROUND**

Plaintiff commenced this action against Defendants on May 25, 2010.  Plaintiff contends Defendants unlawfully terminated his employment, and alleges federal and state race and retaliation claims and violations of the federal Family Medical Leave Act ("FMLA").  Defendants filed their Answer to Plaintiff's Complaint on July 6, 2010.[1]

Defendants' affirmative defenses include standard responses to Plaintiff's claims, such as admissions and denials to each of the Complaint's paragraphs, lack of jurisdiction, statute of limitations, failure to mitigate damages, failure to exhaust administrative remedies, and unclean hands.  Defendants claim affirmative defenses specific to the facts of the case, such as legitimate non-discriminatory business reasons, employment at will, good faith efforts to comply with the law, lack of factual basis, and Plaintiff's credible threat of violence in the workplace.  Defendants also raised standard equitable defenses, such as waiver, res judicata, estoppel and release.

Plaintiff asks this Court to strike all of the affirmative defenses set forth in Defendants' Answer.  For the reasons set forth below, Plaintiff's Motion to Strike and Motion for a More Definite Statement should be denied in its entirety.

**II.    LAW AND ARGUMENT**

  **a.    Motions To Strike Are Drastic and Disfavored.**

Motions to strike a defense as insufficient are not favored.[2]  "A defense is legally insufficient if the defense cannot succeed under any set of circumstances."[3]  The Sixth Circuit

---

[1] Docket Entry 10.
[2] *Keefer v. Wiles, Boyle, Burkholder & Bringardner Co., LPA*, 2008 WL 4404295, *4, S.D. Ohio Case No. 2:07-cv-1205 (S.D.Ohio Sept. 23, 2008).
[3] *Id*. at *4, citing *United States v. American Elec. Power Service Corp.,* 218 F.Supp.2d 931, 936 (S.D.Ohio 2002).

has long cautioned that striking a pleading is a "drastic remedy to be resorted to only when required for the purposes of justice."[4] Thus, motions to strike are typically denied unless the allegations at issue do not relate to the subject matter of the action and may cause significant prejudice to one or more parties.[5]

Defendants' entire Answer constitutes its affirmative defenses, including its First Affirmative Defense specifically responding to each factual and legal allegation set forth in Plaintiff's Complaint. Here, Defendants' Answer does not threaten Plaintiff's claims and cannot be construed to threaten the "purposes of justice." Given the Sixth Circuit's precedent specifically disfavoring Motions to Strike, this Court should deny Plaintiff's Motion to Strike in its entirety.

### b. Defendants' Affirmative Defenses Comply With Fed. R. Civ. P. 8.

Rule 8(b) provides that "[i]n responding to a pleading, a party must ... state in short and plain terms its defenses to each claim asserted against it."[6] Further, Rule 8(c) governs affirmative defenses and only requires defendants to "affirmatively state any avoidance or affirmative defense."[7] Rule 12 allows a court to "strike from a pleading an insufficient defense."[8] In this Court, the general rule is that "an affirmative defense may be pled in general terms and will survive a motion to strike as long as it gives the plaintiff fair notice of the nature of the defense."[9]

---

[4] *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).
[5] *New Day Farms, LLC v. Board of Trustees of York Township*, 2009 WL 1652153, *3, S.D. Ohio Case No. 2:08-cv-1107 (S.D.Ohio June 10, 2009).
[6] Fed. R. Civ. P. 8(b).
[7] Fed. R. Civ. P. 8(c), which sets forth those affirmative defenses that must be affirmatively included in an answer.
[8] Fed. R. Civ. P. 12(f).
[9] *Fullen v. City of Columbus*, 2008 WL 4762763, *1, S.D. Ohio Case No. 2:08-cv-263 (S.D. Ohio Oct. 24, 2008). See also *Lawrence v. Chabot*, 182 Fed. Appx. 442, 456 (6th Cir. 2006) (quoting Wright & Miller, FEDERAL PRACITCE AND PROCEDURE § 1274).

Plaintiff argues that the heightened notice pleading requirements enunciated by the Supreme Court in *Bell v. Twombly* and *Ashcroft v. Iqbal* apply to affirmative defenses.[10] Plaintiff cites only to those district courts that have purportedly held that affirmative defenses must be supported by facts. However, numerous district courts, including those within the Sixth Circuit, disagree with Plaintiff's position.[11] While Defendants agree that the Sixth Circuit has not resolved the issue, the determination is inconsequential because Defendants' affirmative defenses are adequately pled at this early stage of the case.[12] Even assuming that *Twombly* applies to affirmative defenses, The Health Alliance and Jewish Hospital complied with Rule 8 and have provided Nixson with fair notice of the defenses being advanced and the grounds for entitlement to relief.[13] For this reason, Plaintiff's Motion to Strike should be denied.

### c. **Plaintiff's Policy Reasons Are Fundamentally Flawed.**

Nixson's claims regarding the differences in pleading requirements between plaintiffs and defendants must be addressed and rejected. Without citation, Plaintiff alleges that historically, "the facts necessary to detail an allegation are in the sole possession of the defendant." Plaintiff goes on to state that "defendants should know the specific facts and must set forth those facts in support of its affirmative defenses." This logic controverts common sense and frustrates the purpose of the legal system. Defendants, who can be sued at any time for any alleged reason, cannot be expected to ascertain and set forth specific facts as to each affirmative defense without the benefit of the discovery process. Further, the federal rules specifically set

---

[10] See Motion at Docket No. 12.

[11] See *McLemore v. Regions Bank*, 2010 WL 1010092, at *13, M.D. Tenn. Case No. 3:08-cv-0021, 3:08-cv-1003 (M.D.Tenn. Mar. 18, 2010) (and cases cited therein), *First National Ins. Co. of America v. Camps Services, Ltd.*, 2009 WL 22861, *2, E.D. Mich. Case No. 08-cv-12805 (E.D.Mich. Jan. 5, 2009).

[12] See *Taylor v. Fifth Third Bank*, S.D. Ohio Case No. 1:09-cv-524, Docket Nos. 11, 15 and 20 (where Plaintiff's Motion to Strike was denied because the Court determined Defendant's affirmative defenses were adequately pled under the Federal Rules).

[13] See *Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc.*, 2009 WL 4884435, *3, W.D. Tenn. Case No. 2:09-cv-02457 (W.D.Tenn. Dec. 8, 2009.

out those claims that **must** be affirmatively stated as a defense in Rule 8(c). Many of Defendants' affirmative defenses are contained within the Rule 8(c) list and should not be stricken. Plaintiff's motion is an attempt to alter the Federal Rules of Civil Procedure through case law and should not be allowed. For these reasons, Plaintiff's Motion to Strike should be denied in its entirety.

### III. CONCLUSION

For the foregoing reasons, Defendants The Health Alliance of Greater Cincinnati, Inc. and The Jewish Hospital respectfully request that this Court overrule the Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Motion for a More Definite Statement. In the alternative, should the Court find Plaintiff's motion well taken, Defendants request leave to amend their Answer in response to Plaintiff's Motion for a More Definite Statement.

| | |
|---|---|
| *Of Counsel:* | Respectfully submitted, |
| GRAYDON HEAD & RITCHEY LLP | /s/   Julie R. Pugh |
| 1900 Fifth Third Center | Julie R. Pugh (0082349) |
| 511 Walnut Street | Bruce I. Petrie, Jr. (0018179) |
| Cincinnati, OH  45202-3157 | *Attorneys for Defendants* |
| Phone:  (513) 629-6464 | GRAYDON HEAD & RITCHEY LLP |
| Fax:      (513) 651-3836 | 1900 Fifth Third Center |
| | 511 Walnut Street |
| | Cincinnati, OH  45202-3157 |
| | Phone:  (513) 629-2792 |
| | Fax:      (513) 651-3836 |
| | E-mail: jpugh@graydon.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this day, filed electronically via CM/ECF a true copy of the foregoing in the United States District Court for the Southern District of Ohio, with notice of same being electronically served by the Court, addressed to the following:

Paul H. Tobias, Esq.
Christopher R. Cline, Esq.
Tobias Torchia & Simon
414 Walnut Street
Cincinnati, Ohio  45202

      This 30th day of July, 2010.

                                        GRAYDON HEAD & RITCHEY LLP

                                        /s/   Julie R. Pugh

2701505.1