UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARREN NIXSON,                 :    NO.  1:10-CV-00338
                               :
                               :
        Plaintiff,             :
                               :
    v.                         :    **ORDER AND OPINION**
                               :
THE HEALTH ALLIANCE, et al.,   :
                               :
        Defendants.            :

     This matter is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses and Motion for a More Definite Statement (doc. 12) and Defendants' response in opposition (doc. 13).  For the reasons set forth herein, the Court grants Plaintiff's motion in part.

     Plaintiff was employed by Defendants from 1995 until his termination on August 14, 2009 (doc. 1).  His complaint in this matter alleges that he suffered discrimination on the basis of race, retaliation, and interference with his rights to leave, in violation of Title VII of the Civil Rights Act of 1964 as amended, the Family Medical Leave Act, and Ohio Revised Code § 4112 (Id.).  In their answer to the complaint, Defendants submitted seventeen boilerplate affirmative defenses, ranging from lack of jurisdiction to laches (doc. 10).  Plaintiff moves the Court to strike all of Defendants' affirmative defenses, arguing that they fail to satisfy the plausibility standard set forth in Bell Atlantic Corp. v.

1

Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) because the answer contains no factual allegations to support the defenses (doc. 12).  In response, Defendants contend that the Iqbal/Twombly standard does not apply to answers, only to complaints, and that Defendants need only provide fair notice of the defense (doc. 13).

As Defendants note, the Sixth Circuit disfavors the striking of pleadings (doc. 13, citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).  And courts are divided as to whether Iqbal and Twombly apply to all pleadings, including defenses contained in an answer, or if they only govern complaints. Compare, e.g., Westbrook v. Paragon Sys., 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. 2007) (Unlike Rule 8(a), "[n]either [Rule 8(b) nor Rule 8(c)] expresses a requirement that the answer 'show' the defendant is entitled to prevail on its affirmative defense.") and McLemore v. Regions Bank, 2010 WL 1010092, at *13, 2010 U.S. Dist. LEXIS 25785, at *46 (M.D. Tenn. 2010)("[Twombly] does not mention affirmative defenses or any other subsection of Rule 8. Iqbal also focused exclusively on the pleading burden that applies to plaintiffs' complaints.") with HCRI TRS Acquirer, LLC v. Iwer, 708 F.Supp. 2d 687 (N.D. Ohio 2010)(noting, inter alia, that differences in the Rule's subsections are minimal, that the general rules of pleading govern statements of claims and defenses under Rule 8(c)); Shinew v.

<u>Wszola</u>, 2009 WL 1076279, at *4, 2009, U.S. Dist. LEXIS 33226, at *9 (E.D. Mich. 2009)("The <u>Twombly</u> decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem."); and <u>United States v. Quadrini</u>, 2007 WL 4303213, at *4, 2007, U.S. Dist. LEXIS 89722, at *11 (E.D. Mich. 2007)("This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a 'reasonably founded hope' of success, cannot be a pleading standard that applies only to plaintiffs.").

The Court agrees with the reasoning of the courts applying the <u>Iqbal</u>/<u>Twombly</u> pleading standard to defenses. The general rules of pleading govern statements of claims and defenses, and the Court believes that <u>Iqbal</u> and <u>Twombly</u> should not be construed to create a subset of rules that govern only complaints. In both claims and defenses, the purpose of pleading requirements is to provide sufficient notice to the other side that some plausible, factual basis exists for the assertion. The Court can find no reason why claims must be plausible but defenses, if not held to the <u>Iqbal</u>/<u>Twombly</u> standard, could have a mere suggestion of possibility of applicability to the case. <u>See Hayne v. Green Ford Sales, Inc.</u>, 263 F.R.D. 647, 650 (D. Kan. 2009)(noting, <u>inter</u> <u>alia</u>, that the majority of courts faced with this issue have found <u>Iqbal</u> and <u>Twombly</u> to apply to defenses). In addition, as the <u>HCRI</u> court noted, <u>Iqbal</u> and <u>Twombly</u> were meant to eliminate the potential high

3

costs of discovery associated with implausible claims, and boilerplate defenses can lead to the same costly effect on litigation as inadequate complaints.  708 F.Supp.2d at 691.

Therefore, the Court will analyze each of the defenses pled through the Iqbal/Twombly plausibility lens.

The specific defenses pled by Defendants are:

1.  The Complaint fails to state a claim upon which relief may be granted.
2.  All claims...must be dismissed because Plaintiff has failed to mitigate his damages.
3.  The Court lacks jurisdiction over this case.
4.  Defendants acted at all times in accordance with applicable law and each and every action taken with respect to Plaintiff's employment had a legitimate, lawful, nondiscriminatory business reason.
5.  Plaintiff's claims are barred by the doctrine of employment at will and O.R.C. Chapter 4112.
6.  All claims against Defendants must be dismissed because Plaintiff is estopped by his conduct from obtaining the requested relief.
7.  Plaintiff's claims are barred in whole or in part by laches and/or the applicable statute of limitations.
8.  Plaintiff's claims are barred by the doctrine of waiver, estoppel, accord and satisfaction, release and public policy.
9.  Defendants have utilized good faith efforts to comply with all applicable statutes and regulations.
10. Plaintiff's claims are barred by the doctrine of unclean hands.
11. Plaintiff's claims are barred by Plaintiff's failure to follow administrative requirements and/or failure to exhaust administrative remedies.
12. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.
13. Plaintiff is not entitled to any and may not recover the relief prayed for in the Complaint, and there is no factual basis for an award of any damages.
14. Plaintiff's claims are barred because he presented a credible threat of violence in the work place.
15. Defendants further plead any and all other affirmative defenses provided for in the Federal Rules of Civil Procedure, United States Code or the Ohio Revised Code

that may, through further discovery, be determined to be applicable to this litigation.

Clearly, these defenses are almost exclusively legal conclusions. The only defense containing any factual support is number 14, where Defendants aver that Plaintiff presented a threat of violence in the workplace.  However, even that defense is anemic, as it fails to set forth any specifics regarding the incident.  The Court on this record cannot evaluate whether any of the defenses present could plausibly apply to this case because the defenses asserted are not tied to any factual allegations and are merely boilerplate recitations of legal conclusions.

To be clear, the Court does not require Defendants to specify all conduct or facts giving rise to each defense.  However, the defenses must contain sufficient factual allegations from which the Court can plausibly infer the existence of a legitimate defense.  For example, the HCRI court found that the defense "[t]hat the actions of the Plaintiff were such that it impaired the value of the collateral to which Guarantors could look for indemnification, i.e., the value of Progressive, both by the direct control of Progressive and further, by Plaintiff's refusal to allow the sale of the collateral to satisfy Progressive's obligations" was properly pled because it contained sufficient factual allegations to give the plaintiff fair notice of the grounds on which the defense rested.  708 F.Supp.2d at 692.  In contrast, the court found that the defense "[t]hat the Defendants executed the Guaranties and consents attached to Plaintiff's Complaint only as a result of economic duress caused by the control of Progressive by

5

the Plaintiff or its agents" was a "bare bone conclusion," boilerplate defense that failed to explain how the plaintiff's control could have caused economic duress.  <u>Id</u>.  The court thus granted the plaintiff's motion to strike that defense for failure to meet the pleading requirements.  <u>Id</u>. at 693.

Here, Defendants must merely set forth sufficient factual allegations supporting the defenses it asserts so that the Court can actually be in a position to assess their plausibility.  The Court therefore GRANTS Plaintiff's motion and strikes Defendants' defenses without prejudice for failure to meet the pleading requirements because the defenses were not adequately pled under the requirements of Federal Rule of Procedure 8.[1]  <u>See</u> Fed. R. Civ. P. 12(f); <u>HCRI</u>, 708 F.Supp.2d at 689 (noting that to survive a motion to strike, a three-part test applies: the matter must be properly pleaded as an affirmative defense; it must be adequately pleaded under the requirements of Federal Rules of Procedures 8 and 9; and it must be able to withstand a Rule 12(b)(6) challenge).

SO ORDERED.

Dated: December 15, 2010        /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge

---

[1]  The Court finds that ordering Defendants to produce a more definite statement would be inappropriate.  Rule 12(e) provides that a party may move for a more definite statement of a pleading <u>to which a responsive pleading is allowed</u>.  Fed. R. Civ. P. 12(e)(emphasis added).  A reply to an answer is only permitted by order of the Court.  Fed. R. Civ. P. 7.  The Court has not and does not so order in this case.  Consequently, Plaintiff's motion for a more definite statement is misplaced, since no responsive pleading to the answer is allowed here.